UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM HOWELL,<br><br>    Plaintiff,<br><br>v.<br><br>R. MCCONELL, *et al.*,<br><br>    Defendants. | Case No. 1:18-cv-01686-JDP<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RELIEF OF OBLIGATION TO PAY FILING FEE<br><br>ECF No. 12 |

Plaintiff is a state prisoner proceeding without counsel and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. On February 28, 2019, this case was settled following a settlement conference. ECF No. 10. Plaintiff filed a notice of voluntary dismissal on March 1, 2019. ECF No. 11. On March 25, 2019, plaintiff filed a "request that the court vacate the orders directing Plaintiff to pay the $350.00 filing fee, and vacate [its] orders requiring CDCR to send payments from Plaintiff's trust account." ECF No. 12 at 2.

Plaintiff's request cannot be granted. Under 28 U.S.C. § 1915(b), "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner *shall* be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (emphasis added). The Prison Litigation Reform Act ("PLRA") has no provision for return of fees that are partially paid or for cancellation of the remaining fee. *See Goins v. Decaro*, 241 F.3d 260, 261-62 (2d Cir. 2001) (holding that inmates who proceeded without counsel and *in forma pauperis* were not entitled to a refund of appellate

1

fees or to cancellation of indebtedness for unpaid appellate fees after they withdrew their appeals); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) ("Section 1915(b)(1) compels payment of the respective fees at the moment the complaint or notice of appeal is filed. Any subsequent dismissal of the case does not negate this financial responsibility." (internal citation omitted)), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Indeed, one of the purposes of the filing fee requirement of the PLRA—to reduce frivolous lawsuits—would be frustrated if a prisoner were able to obtain a waiver of the filing fee in whole or part. *See Crawford-El v. Britton*, 523 U.S. 574, 596 (1998) ("The [PLRA] should discourage prisoners from filing claims that are unlikely to succeed. Among the many new changes relating to civil suits, the statute requires all inmates to pay filing fees . . . ."); *Hall v. United States*, 91 Fed. Cl. 762, 678 (2010) ("By enacting section 1915, Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." (internal quotation marks omitted)). Accordingly, this court is required to assess an initial partial filing payment and collect subsequent payments on an incremental basis "until the filing fees are paid." 28 U.S.C. § 1915(b)(1), (2).

**ORDER**

Plaintiff's request for relief from his obligation to pay the filing fee, ECF No. 12, is denied.

IT IS SO ORDERED.

Dated: March 27, 2019  _____
UNITED STATES MAGISTRATE JUDGE

No. 203.